United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OSCAR GARCIA, et al.,

Plaintiffs,

v.

WALMART INC., et al.,

Defendants.

Case No. 5:26-cv-04175-PCP

**ORDER GRANTING MOTION FOR LEAVE TO AMEND AND MOTION TO REMAND**

Re: Dkt. No. 14

In this wrongful death action, plaintiffs Venus Benabides and Oscar Garcia individually and as personal representatives for the estate of Rudy Rey Garcia assert various state-law claims against Walmart, Inc., Technical Chemical Company, and unnamed Doe defendants. After plaintiffs filed suit in California state court, Walmart removed the action to federal court. Plaintiffs now move for leave to file a first amended complaint dropping the unnamed Doe defendants and adding DoorDash, Inc., a California citizen, as a defendant. Because DoorDash's joinder would destroy complete diversity, plaintiffs also move to remand the action to California state court. For the reasons set forth below, plaintiffs' motions are granted.

**BACKGROUND**

Plaintiffs filed this action in state court on March 10, 2026. The complaint arises from the death of Rudy Rey Garcia on July 21, 2025, allegedly caused by inhalation of aerosol electronics duster. Plaintiffs assert a claim for negligence against all defendants based on the sale and delivery of unusually large quantities of electronics duster despite obvious signs of inhalant abuse. Plaintiffs also assert claims for strict products liability based on design defect, strict products liability based on failure to warn, and breach of the implied warranty of merchantability.

Walmart removed the action to this Court on May 7, 2026, based on diversity jurisdiction.

Walmart's notice of removal asserted complete diversity given that plaintiffs are California citizens while defendants are citizens of Delaware (Walmart and Technical's place of incorporation), Arkansas (Walmart's principal place of business), and Texas (Technical's principal place of business). The proposed first amended complaint would add DoorDash as a defendant to plaintiffs' negligence claim based on DoorDash's alleged role in the sale and delivery of electronics duster to the decedent.

**LEGAL STANDARD**

A defendant may remove a case from state court to federal court only if the federal court would have originally had subject matter jurisdiction over it. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning that all persons or associations on one side of the controversy (i.e., all plaintiffs) are citizens of different states from all persons or associations on the other side (i.e., all defendants). *Strawbridge v. Curtiss*, 2 L.Ed. 435 (1806). To establish diversity jurisdiction, the amount in controversy must also exceed $75,000. 28 U.S.C. § 1332(a).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Permitting joinder under § 1447(e) lies within the Court's discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). "Although courts consider Rule 19 when evaluating an amendment under § 1447(e), 'amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19].'" *Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1100 (N.D. Cal. 2024) (quoting *Dunning v. Hallmark Specialty Ins. Co.*, 2020 WL 6123133, at *2 (C.D. Cal. Aug. 11, 2020)). In determining whether to permit joinder under § 1447(e), courts within the Ninth Circuit weigh six factors: (1) "whether the claims against the proposed defendant appear valid;" (2) "whether the proposed defendant is a necessary party;" (3) "whether any statute of limitations would preclude an original action against the proposed defendant in state court;" (4) "whether the plaintiff has unjustifiably delayed in seeking joinder;"

(5) "whether denying joinder would prejudice the plaintiff;" and (6) "whether joinder is intended solely to defeat federal jurisdiction." *Burch*, 758 F. Supp. 3d at 1098; *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000) (quoting *Newcombe*, 157 F.3d at 691)) "Any of the factors might prove decisive, and none is absolutely necessary." *Id.* (quoting *Yang v. Swissport USA*, Inc., 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010)). Courts considering these factors are not limited to the four corners of the complaint or proposed amended complaint and may consider evidence bearing on the propriety of joinder. *See Vasquez v. Wells Fargo Bank, N.A.*, 77 F. Supp. 3d 911, 923 (N.D. Cal. 2015).

## ANALYSIS

### I. Plaintiffs are granted leave to amend.

The question before the Court is whether joinder of DoorDash as a defendant, which would destroy complete diversity and require remand, should be permitted under § 1447(e). The Court considers the six factors in turn.

#### A. Plaintiffs' claim against DoorDash is facially valid.

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e)." *Yue v. Mercedes-Benz USA, LLC*, No. 5:25-cv-11115-EJD, 2026 WL 1590114, at *3 (N.D. Cal. June 3, 2026) (quoting *Taylor v. Honeywell Corp.*, No. C09-4947 SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010)). Courts in the Ninth Circuit have reasonably looked to fraudulent-joinder principles when assessing facial validity under § 1447(e). *See Burch*, 758 F. Supp. 3d at 1099. Plaintiffs need not establish that the proposed claim will survive summary judgment or prevail at trial. Rather, to prevent joinder, Walmart must show that DoorDash "cannot be liable on any theory." *Franco v. Costco Wholesale Corp.*, No. 18-cv-7586, 2018 WL 6333674, at *3 (C.D. Cal. Oct. 30, 2018).

Here, the proposed first amended complaint alleges each element of a negligence claim against DoorDash. Plaintiffs allege that DoorDash owed a duty "to identify, respond to, and decline to continue facilitating obvious patterns of dangerous product misuse observable through its marketplace operations," breached that duty by repeatedly facilitating the challenged transactions, and that those transactions "supplied a substantial portion of the duster available to

the decedent during the period of fatal abuse and were a substantial factor in causing his death."

Plaintiffs allege at least one legally cognizable negligence theory under California's general duty of care. Cal. Civ. Code § 1714(a) ("[E]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person…"). Although Section 1714 establishes a broad default duty of care, its application is limited to scenarios where the defendant "'created a risk' of harm to the plaintiff." *Kuciemba v. Victory Woodworks, Inc.*, 531 P.3d 924, 939 (Cal. 2023) (quoting *Brown v. USA Taekwondo*, 483 P.3d 159, 164 (Cal. 2021)). More generally, "the person who has not created a peril is not liable in tort merely for failure to take affirmative action to assist or protect another from that peril." *Id.* at 1017 (quoting *Williams v. State of California*, 664 P.2d 137, 139 (Cal. 1983)). Here, plaintiffs allege affirmative conduct by DoorDash, rather than mere inaction. Specifically, they allege repeated DoorDash-facilitated deliveries immediately preceding decedent's death; that DoorDash had visibility into those repeated purchases, their delivery addresses, and decedent's payment activity; and that DoorDash continued facilitating those transactions despite circumstances allegedly making misuse foreseeable. Plaintiffs further allege that DoorDash's own conduct created or materially contributed to the risk that resulted in decedent's death. Whether plaintiffs can ultimately establish a duty under *Kuciemba* presents a closer merits question, but at this stage the allegations suffice to state a facially legitimate negligence theory.

Walmart argues that the proposed claim is invalid because DoorDash's Terms and Conditions disclaim merchant status and contain arbitration, venue, jury-waiver, and liability-limitation provisions. But as plaintiffs correctly observe, these contractual arguments involve affirmative defenses that belong to DoorDash, and addressing them at this point would require the Court to resolve merits issues before DoorDash has even appeared. *See Franco*, 2018 WL 6333674, at *3 ("Whether Plaintiff's claims will ultimately be successful on the merits is a different question.").

Nor do the contractual provisions necessarily bind plaintiffs. Under California law, wrongful death claims are independent causes of action belonging to heirs rather than derivative

United States District Court
Northern District of California

claims belonging to the decedent. *Hass v. RhodyCo Prods., Inc.*, 26 Cal. App. 5th 11, 25 (2018) (quoting *Ruiz v. Podolsky*, 237 P.3d 584, 586 (Cal. 2010)); *see also Madison v. Superior Court*, 203 Cal. App. 3d 589, 596 (1988).

Finally, Walmart's answer to the complaint alleges as an affirmative defense that "others, each or all, were guilty of fault or negligence that proximately caused or contributed to the incident and the injuries and damages alleged in the Complaint." Although that allegation plainly does not establish DoorDash's liability, it is at least consistent with plaintiffs' contention that responsibility for the alleged harm may extend beyond Walmart.

**B. DoorDash is a necessary party.**

The focus of the necessity inquiry under § 1447(e) is whether the proposed defendant is "only tangentially related to the cause of action" such that denying amendment would not result in "separate and redundant actions." *Burch*, 758 F. Supp. 3d at 1100; *see also Franco*, 2018 WL 6333674, at *4 (quoting *Taylor*, 2010 WL 1881459, at *2).[1] This factor also favors DoorDash's joinder to this action. Plaintiffs seek to hold Walmart and DoorDash liable for the same indivisible injury—Mr. Garcia's wrongful death—based on their alleged roles in supplying the same product during the same period immediately preceding his death. Although the negligence theories against Walmart and DoorDash are not identical, they arise from a common nucleus of operative facts, including the decedent's purchases, defendants' deliveries, alleged product misuse, causation, and resulting damages. Litigating those claims in separate forums would result in a duplication of discovery while risking inconsistent factual determinations.

Further, California follows a pure comparative-fault system under which liability is allocated in proportion to fault. *Li v. Yellow Cab Co.*, 532 P.2d 1126, 1243 (Cal. 1975). In actions for personal injury or wrongful death, each defendant is liable for noneconomic damages only in proportion to that defendant's share of fault. Cal. Civ. Code § 1431.2(a). This further underscores the practical necessity of resolving plaintiffs' claims in a single action. Plaintiffs allege that Walmart and DoorDash each contributed to the same injury. If joinder were denied, each

[1] Under this standard, a party may properly be joined even if they would not qualify as a required party under Rule 19(a)(1).

defendant could attribute responsibility to the absent party, resulting in parallel proceedings involving overlapping evidence and inconsistent allocations of fault. Section 1447(e) permits courts to avoid precisely this type of duplicative litigation. *See, e.g.*, *Burch*, 758 F. Supp. 3d at 1100 (finding joinder appropriate where the claim concerned "the same defects on the same vehicle").

Walmart argues that DoorDash's alleged role differs materially because Walmart acted as the retailer whereas DoorDash merely provided delivery services and was not involved in the underlying sale, and because plaintiffs were able to plead the state-law claim without DoorDash. Those arguments do not alter the necessity analysis. The relevant question is not whether the claims against the two defendants are legally identical or whether the added party is indispensable. Rather, the question is whether DoorDash is "only tangentially related" to the action such that denying joinder would not result in separate and redundant actions. *See Franco*, 2018 WL 6333674, at *3-4 (emphasizing the fact that a party is not legally indispensable does not make them a sham defendant, because a properly pleaded negligence claim renders their joinder necessary). The differences between the defendants' respective roles may ultimately bear on liability, but they do not render DoorDash merely "tangentially related" to this action. *Burch*, 758 F. Supp. 3d at 1100.

Nor do Walmart's contractual arguments alter this conclusion. For the reasons discussed above, those arguments concern potential merits defenses rather than whether DoorDash's alleged involvement makes it a sufficiently related party for the purposes of § 1447(e).

**C. There is no statute of limitations issue.**

Walmart does not contend that any statute of limitations would preclude plaintiffs from bringing a separate action against DoorDash in state court. Standing alone, that fact might weigh somewhat against joinder. But courts have recognized that requiring a plaintiff to litigate essentially identical issues turning on the same facts in two forums would waste judicial resources and invite the risk of inconsistent results, such that the absence of a statute of limitations bar should not carry significant weight. *See Graunstadt v. USS-POSCO Indus.*, No. C 10-03225 SI, 2010 WL 3910145, at *3 (N.D. Cal. Oct. 5, 2010) (quoting *IBC Aviation*, 125 F. Supp. 2d at

United States District Court
Northern District of California

1012). This factor is therefore neutral.

**D. The delay factor is neutral.**

"When determining whether to allow amendment to add a non-diverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083; see also *Lopez v. Gen. Motors Corp*., 697 F.2d 1328, 1332 (9th Cir. 1983). "In particular, courts consider the length of time that passed between plaintiff filing the original complaint and the amended complaint, and whether dispositive motions have been filed." *Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *5 (E.D. Cal. Dec. 8, 2020). District courts also "generally measure delay from the date of removal to determine whether an unreasonable delay has occurred." *Viveros v. Ford Motor Co.*, 2021 WL 5989365, at *5 (S.D. Cal. July 27, 2021).

Walmart argues that plaintiffs unjustifiably delayed filing because they reviewed the decedent's Direct Express bank records and therefore knew or should have known of DoorDash's involvement from the outset. In Walmart's view, plaintiffs either possessed or could have discovered the relevant information through a reasonable pre-suit investigation and simply waited until after removal to seek joinder for strategic purposes. Plaintiffs respond that the bank statements reflected only generic transaction descriptors and dollar amounts, not the facts that allegedly make DoorDash a colorable defendant. According to plaintiffs, the product purchased, the quantity ordered, the multiple identical orders, and the completed no-contact deliveries became apparent only through DoorDash order-confirmation, receipt, and delivery emails recovered in the Cellebrite forensic extraction, which counsel reviewed in detail after removal.

Although many courts in this district focus primarily on the timing of the amendment relative to removal, some courts within the Ninth Circuit look to Rule 15 principles when evaluating timeliness under § 1447(e) and consider whether "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Murphy v. Am. Gen. Life Ins. Co*., 74 F. Supp. 3d 1267, 1285 (C.D. Cal. 2015) (drawing on the Rule 15 undue-delay analysis discussed in *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 953 (9th Cir. 2006)); *see also Franco*, 2018 WL 6333674, at *3 (considering whether plaintiffs

possessed the information underlying the proposed amendment before removal); *Chan v. Bucephalus Alt. Energy Grp., LLC*, No. C 08-04537 JW, 2009 WL 1108744, at *5 (N.D. Cal. Apr. 24, 2009) (similarly examining when plaintiffs learned the facts supporting joinder and whether they acted diligently in seeking amendment). To the extent that courts have incorporated Rule 15-style diligence considerations into the § 1447(e) timeliness inquiry, plaintiffs' explanation is not entirely persuasive. Plaintiffs' counsel declares that the Cellebrite forensic extraction was completed in September 2025 and delivered to counsel's office around February 2026, before the original complaint was filed. Walmart therefore has a substantial argument that plaintiffs either knew or reasonably could have known of DoorDash's involvement before removal. Plaintiffs explain that, at the time, "the operative facts of the case appeared to be established by Walmart's customer-facing communications and the decedent's bank records," and that the extraction therefore "was not reviewed in forensic-level detail." Counsel further states that only after Walmart removed the case did counsel undertake a comprehensive review of the evidentiary record and examine the Cellebrite extraction in detail. While that explanation may account for why DoorDash was not identified earlier, it does not fully explain why the extraction—which was in counsel's possession before suit was filed—could not have been reviewed in greater detail before removal.

That said, Walmart's argument does not tip this factor in its favor. Although plaintiffs' explanation for not identifying DoorDash earlier is less compelling than their briefing suggests, plaintiffs sought leave to amend only twelve days after removal and eight days after Walmart declined to stipulate to remand. Given the alacrity with which plaintiffs sought leave to amend after removal, the timing factor is neutral. *See Franco*, 2018 WL 6333674, at *5 (treating the timeliness factor as neutral where the plaintiff offered no persuasive explanation for the delay but acted promptly after removal).

**E. Denying joinder may prejudice plaintiffs.**

The prejudice inquiry overlaps with the necessity inquiry but focuses on the practical consequences of denying joinder. Courts consider whether denial would require the plaintiff to litigate substantially overlapping factual and legal issues in separate forums, resulting in

duplicative proceedings, increased costs, or a risk of inconsistent results. *Burch*, 758 F. Supp. 3d at 1101; *Franco*, 2018 WL 6333674, at *3; *IBC Aviation*, 125 F. Supp. 2d at 1011–12. For substantially the same reasons that DoorDash is not merely tangentially related to the action, denying joinder could prejudice plaintiffs by requiring parallel litigation arising from the same alleged wrongful death, product deliveries, causation issues, and allocation-of-fault questions. This factor therefore weighs in favor of permitting DoorDash's joinder.

**F. Even if plaintiffs were motivated in part by a desire to defeat federal jurisdiction, that consideration is not dispositive.**

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant leave to amend." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). At the same time, "[s]uspicion of diversity-destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Burch*, 758 F. Supp. 3d at 1103 (quoting *IBC Aviation*, 125 F. Supp. 2d at 1012). "[T]he question of whether joinder is solely intended to defeat jurisdiction is 'intertwined' with the question of whether the claims against the new defendant appear valid." *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *5–6 (C.D. Cal. Nov. 7, 2016). Courts therefore have permitted joinder even where the plaintiff appears to be motivated primarily by a desire to defeat diversity jurisdiction, so long as the plaintiff has alleged a valid claim against the non-diverse defendant. *Burch*, 758 F. Supp. 3d at 1102 (quoting *Reyes*, 2020 WL 7224286, at *6 (collecting cases)).

While it is natural for parties to have forum preferences, the more significant consideration under § 1447(e) is whether the proposed defendant is a legitimate party to the litigation. Plaintiffs have identified a facially valid negligence claim against DoorDash supported by a non-frivolous factual basis. Accordingly, this factor is at most neutral.

## CONCLUSION

Because three of the six § 1447(e) factors affirmatively support permitting joinder while the remaining three are not dispositive, the Court concludes that plaintiffs' joinder of DoorDash as a defendant is proper and should be permitted. Plaintiffs are therefore granted leave to file their

first amended complaint. Because the presence of DoorDash as a non-diverse defendant precludes the Court from exercising diversity jurisdiction over this matter, the Court remands this action to the Superior Court for the County of Santa Clara.

**IT IS SO ORDERED.**

Dated: August 3, 2026

P. Casey Pitts
United States District Judge